**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT** FILED

2010 NOV 15  A

CASE NUMBER:

310CV1789 PCD

NATIONWIDE PROPERTY AND CASUALTY : 
INSURANCE COMPANY a/s/o :
DAVID AND SUSAN DRUMHELLER :
:
                        Plaintiff, :
:
V. :
:
VALENTI MOTORS, INC. d/b/a JAGUAR :
SOUTHINGTON, :
:
                        Defendant. :
:

**COMPLAINT**
**JURY TRIAL DEMANDED**

**To the above-named defendant(s):**

Plaintiff, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY a/s/o DAVID AND SUSAN DRUMHELLER, by and through its attorney, David W. Rubin of The Law Offices of David W. Rubin, as and for its Complaint against the defendant VALENTI MOTORS, INC. d/b/a JAGUAR SOUTHINGTON, alleges as follows:

**NATURE OF THIS ACTION**

1.     This is a subrogation action by the first party property insurer, plaintiff NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "NATIONWIDE"), as subrogee of David and Susan Drumheller  (hereinafter "THE INSUREDS").

2.     NATIONWIDE paid its insureds in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in connection with a fire which occurred on November 27, 2008,

caused by the defendant's negligent inspection, repair and service of the plaintiff's insureds' vehicle.

3.      This action is brought against the party responsible for the Loss and the resulting damages sustained by NATIONWIDE.

## THE PARTIES

4.      Plaintiff, NATIONWIDE, was and is a foreign corporation organized under the laws of the State of Ohio with its principal place of business at One Nationwide Plaza, Columbus, Ohio, and was at all times hereinafter licensed to issue policies of insurance in the State of Connecticut.

5.      At all times pertinent hereto, plaintiff NATIONWIDE provided property insurance coverage to its insureds, David and Susan Drumheller under a policy of insurance for the real and personal property that it owned at 58 Edge Hill Road, Wallingford, Connecticut 06492 (hereinafter "THE PREMISES").

6.      Upon information and belief, at all relevant times herein, defendant VALENTI MOTORS, INC. d/b/a JAGUAR SOUTHINGTON  (hereinafter "JAGUAR SOUTHINGTON") was and still is a business duly organized and existing under the laws of the State of Connecticut, with its principal licensed place of business at 480 Queen Street/Rte. 10, Southington, Connecticut 06489.

7.      Upon information and belief, prior to November 27, 2008, the defendant owned and/or operated an automobile repair shop located at 480 Queen Street/Rte. 10, Southington, Connecticut 06489 (hereinafter "AUTOMOBILE REPAIR SHOP").

## JURISDICTION

8.     The jurisdiction of this Court is based upon diversity of citizenship pursuant to 29 U.S.C.A. §1332, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is properly laid in the judicial district on the basis of the place of occurrence.

## THE LOSS

9.     Prior to, and on November 27, 2008, the insureds were the owners of a Jaguar 2002, Model X Type S, VIN number SAJEA53D52XC31652 (hereinafter "THE INSUREDS' VEHICLE").

10.     Upon information and belief, prior to November 27, 2008, the defendant repaired and serviced the insureds' vehicle at its automobile repair shop.

11.     Upon information and belief, prior to November 27, 2008, the defendant certified that the insureds' vehicle was in good repair.

12.     On November 27, 2008, a fire originated in the garage of the insureds' premises, resulting from defendant's failure to properly repair and service the insureds' vehicle, causing substantial damage and destruction to the insured's premises and personal property.

13.     The aforesaid fire thereafter spread, causing severe and substantial damage to plaintiff's insured's property in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).  Plaintiff reimbursed these sums to its insureds pursuant to the aforementioned policy of insurance to which it equitably became subrogated to.

## COUNT ONE: NEGLIGENCE
## (AS AGAINST DEFENDANT)

14.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as though fully set forth at length herein.

15.    The fire referred to in paragraph 11 above and the consequent damage and destruction to the Plaintiff's insureds' property was caused by the negligence, gross negligence, careless and/or negligent omissions of defendant and its agents, servants, subcontractors, and/or employees in:

a.    failing to properly repair and service the insureds' vehicle;

b.    allowing the battery cable to be placed in close proximity to the metal frame of the insureds' vehicle, causing chaffing, the battery to overheat, and ultimately the engine compartment to catch fire;

c.    failing to protect against chaffing of the cable of the insureds' vehicle due to a lack of adequate maintenance, repair and servicing of the vehicle;

d.    failing to properly inspect, repair, service and/or troubleshoot the insureds' vehicle prior to returning the vehicle to the insureds;

e.    failing to properly and adequately supervise the work being done by its contractors, servants, agents, employees and/or workmen who serviced and repaired the insureds' vehicle;

f.    failing to properly and adequately instruct its servants, contractors, employees and/or workmen as to the safe and proper maintenance of the insureds' vehicle;

g.    failing to recognize the obvious hazard presented by the improper installation, maintenance, repair and/or servicing of the insureds' vehicle;

h.    retaining incompetent, unlicensed employees, agents, servants, workers, subcontractors, with requisite skills and abilities to repair and/or service the insureds' vehicle, and its related components in a safe fashion;

i.   failing to conduct a proper inspection to detect the dangers associated with the poor placement of the battery cable and its associated components which defendant knew or should have known created an unreasonable risk of chaffing, overheating and ultimately, fire;

j.   failing to take the proper steps to supervise the work performed by its employees, servants, workers, agents, and/or contractors in a way that would protect the plaintiff's vehicle from chaffing, overheating and subsequent fire;

k.   failing to adequately, properly and safely erect, assemble, inspect and test the insureds' vehicle and/ or its internal components;

l.   failing to follow general industry standards concerning the safe repair and servicing of the vehicle;

m.   failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning the safe repair and servicing of the vehicle;

n.   failing to warn the insureds' of the additional risk to their property as a result of the unsafe repair and service of the battery cable and its associated components;

o.   failing to do those things which were necessary for the safety, preservation and protection of the plaintiff's insured's property; and

p.   otherwise failing to use due care and proper skill under the circumstances.

16.   As a proximate and direct result of the aforesaid negligence, carelessness, gross negligence and/or negligent omissions of the defendant, the fire referred to in paragraph 11 took place and resulted in damage and destruction to plaintiff's insureds' property and contents, the fair and reasonable cost of which exceeded FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

WHEREFORE, plaintiff demands judgment against defendants, in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), together with interest and the costs of this action.

## COUNT TWO: BREACH OF CONTRACT
### (AS AGAINST DEFENDANT)

17.    Plaintiff fully incorporates by reference the averments contained in paragraphs "1" through "15" inclusive.

18.    For the reasons more particularly set forth in plaintiff's First Cause of Action, defendant and plaintiff's subrogors entered into a contract whereby defendant was obligated, among other things, to properly inspect, repair and service the insureds' vehicle.

19.    Defendant breached and/or violated its aforesaid contractual duties, as a result whereof defendant is liable to plaintiff, for all damages resulting from the aforesaid breaches and/or violations.

20.    By the reason of the aforesaid breach of contract, the occurrence referred to in paragraph 11 took place resulted in severe and extensive damage to the insureds' property and a loss to the plaintiff in the amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

WHEREFORE, plaintiff demands judgment in their favor and against the defendant in the amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), together with interest, costs and attorney's fees.

DATED:      Stamford, Connecticut
              November 10, 2010

Respectfully submitted,

BY: _____
David W. Rubin, Esq. (ct-10169)
The Law Offices of David W. Rubin
600 Summer Street – Suite 201
Stamford, CT 06901
Telephone: (203) 353-1404
Facsimile:  (203) 357-7208
Email: drubin@dwr-law.com

Andrew J. Soltes, Jr., Esq. (ct-26963)
The Law Offices of David W. Rubin
600 Summer Street – Suite 201
Stamford, CT 06901
Telephone: (203) 353-1404
Facsimile:  (203) 357-7208
Email: ajsoltes@dwr-law.com